**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MONTE WHITEHEAD,

      Plaintiff,

vs.

                        2:17-cv-00275-RJ-KK

JAMES FRAWNER, et. al.,

      Defendants.

**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
CIVIL AND CONSTITUTIONAL RIGHTS AND FOR DECLARATORY AND
INJUNCTIVE RELIEF BY DEFENDANTS LIEUTENANT BOYD, SERGEANT SMITH,
<u>C. PASCALE, MR. PROSPERO, MR. WATERS, AND MS. MORENO</u>**

      Defendants Lieutenant Boyd, Sergeant Smith, C. Pascale, Mr. Prospero, Mr. Waters and

Ms. Moreno (hereinafter collectively referred to as "Defendants")[1], by and through their counsel

of record, Keleher & McLeod, P.A., and for their Answer to Plaintiff's Complaint for Damages

for Violations of Civil and Constitutional Rights and for Declaratory and Injunctive Relief

("Complaint"), state:

      1.      In response to the allegations contained in paragraph 1 of the Complaint,

Defendants acknowledge that Plaintiff seeks damages for alleged constitutional violations.

Defendants deny the remaining allegations contained in paragraph 1.

---

[1] This reference to "Defendants" does not include Defendant Ricardo Martinez, also represented by Keleher & McLeod, P.A., who has filed a separate Answer, Defendant Management & Training Corporation, also represented by Keleher & McLeod, P.A., which field a separate Motion to Dismiss in lieu of an Answer, Defendant Board of County Commissioners of Otero County represented by Holt Mynatt Martinez P.C., Defendant Gregg Marcantel, Defendant Larry Phillips, Defendant State Monitor Cruz or Defendant Keefe Corporation.  Nor does the reference to "Defendants" include Defendant James Frawner, Defendant Larry Monk or Defendant Lieutenant Eason who have not yet been served with a summons and copy of the Complaint for Damages for Violations of Civil and Constitutional Rights and for Declaratory and Injunctive Relief.

2.     In response to the allegations contained in paragraph 2 of the Complaint, Defendants state that pursuant to Defendant Otero County Board of County Commissioners' removal the Twelfth Judicial District Court no longer has jurisdiction over this case.

3.     In response to the allegations contained in paragraph 3 of the Complaint, Defendants admit that Plaintiff was transferred to Otero County Prison Facility ("OCPF") at some point but lack sufficient knowledge or information to admit or deny the remaining allegations and therefore deny the same.

4.     The allegations of paragraph 4 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 4 are denied.

5.     The allegations of paragraph 5 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 5 are denied.

6.     The allegations of paragraph 6 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 6 are denied.

7.     The allegations of paragraph 7 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 7 are denied.

8.     The allegations of paragraph 8 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 8 are denied.

9.      The allegations of paragraph 9 of the Complaint pertain to other defendants to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 9 are denied.

10.      Defendant Lieutenant Boyd admits only that he is employed at OCPF as a lieutenant.  Any remaining allegations of paragraph 10 are denied.

11.      The allegations of paragraph 11 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 11 are denied.

12.      Sergeant Smith admits only that he is employed at OCPF as a sergeant.  Any remaining allegations of paragraph 12 are denied.

13.      The allegations of paragraph 13 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 13 are denied.

14.      The allegations of paragraph 14 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 14 are denied.

15.      As to the allegations of paragraph 15 Defendant C. Pascale admits only that she is employed by Management & Training Corporation at OCPF.  Any remaining allegations of paragraph 15 are denied.

16.      The allegations of paragraph 16 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 16 are denied.

17.     The allegations of paragraph 17 of the Complaint pertain to unnamed defendants to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 17 are denied.

18.     As to the allegations of paragraph 18 Mr. Waters admits only that he is employed by Management & Training Corporation at OCPF.  Any remaining allegations of paragraph 18 are denied.

19.     As to the allegations of paragraph 19 Mr. Prospero admits only that he is employed by Management & Training Corporation at OCPF.  Any remaining allegations of paragraph 19 are denied.

20.     The allegations of paragraph 20 of the Complaint pertain to other unnamed defendants to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 20 are denied.

21.     As to the allegations of paragraph 21 Ms. Moreno admits only that she is employed by Management & Training Corporation at OCPF.  Any remaining allegations of paragraph 21 are denied.

22.     The allegations of paragraph 22 of the Complaint pertain to another defendant to which no response is required from Defendants.  To the extent a response is required from Defendants, the allegations of paragraph 22 are denied.

23.     Paragraph 23 of the Complaint was left intentionally blank and no response is required.

24.     Paragraph 24 of the Complaint was left intentionally blank and no response is required.

25.     The allegations of paragraph 25 are denied.

4

## COUNT ONE

26.      Defendants reincorporate by reference the responses to paragraphs 1-25 as if fully set forth herein.

27.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 27 and therefore deny the same.

28.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 28 and therefore deny the same.

29.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 29 and therefore deny the same.

30.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 30 and therefore deny the same.

31.      Lieutenant Boyd denies the allegations of paragraph 31.  The remaining Defendants are without sufficient knowledge and information to form a belief and therefore deny the same.

32.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 32 and therefore deny the same.

33.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 33 and therefore deny the same.

34.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 34 and therefore deny the same.

35.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 35 and therefore deny the same.

36.      Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 36 and therefore deny the same.

37.     As to the allegations of paragraph 37 Sergeant Smith states that Plaintiff files numerous grievances and he is without sufficient knowledge or information to adequately respond to the allegations of paragraph 37 and therefore denies the same.  The remaining Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 37 and therefore deny the same.

38.     Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 38 and therefore deny the same.

39.     Lieutenant Boyd and Sergeant Smith deny the allegations of paragraph 39.  The remaining Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 39 and therefore must deny the same.

40.     As to the allegations of paragraph 40 Defendants admit only that portions of the identified exhibits appear to be grievances and appeal forms issued by OCPF.  Many of the other identified exhibits appear to be handwritten notes to which Defendants are without sufficient information and belief as to the accuracy of these documents and therefore must deny any remaining allegations of paragraph 40.

41.     Lieutenant Boyd and Sergeant Smith deny the allegations of paragraph 41.  The remaining Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 41 and therefore must deny the same.

42.     Lieutenant Boyd and Sergeant Smith deny the allegations of paragraph 42.  The remaining Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 42 and therefore must deny the same.

43.     Lieutenant Boyd and Sergeant Smith deny the allegations of paragraph 43.  The remaining Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 43 and therefore must deny the same.

44.     Lieutenant Boyd and Sergeant Smith deny the allegations of paragraph 44.  The remaining Defendants are without sufficient knowledge and information to form a belief as to the allegations of paragraph 44 and therefore must deny the same.

## COUNT TWO

45.     Defendants reincorporate by reference the responses to paragraphs 1-44 as if fully set forth herein.

46.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 46 and therefore deny the same.

47.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 47 and therefore deny the same.

48.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 48 and therefore deny the same.

49.     Defendants is without sufficient knowledge or information to form a belief as to the allegations of paragraph 49 and therefore deny the same.

50.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 50 and therefore deny the same.

51.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 51 and therefore deny the same.

52.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 52 and therefore deny the same.

53.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 53 and therefore deny the same.

54.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 54 and therefore deny the same.

55.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 55 and therefore deny the same.

56.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 56.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 56 and therefore deny the same.

57.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 57.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 57 and therefore deny the same.

58.     OCPF never had trailer visits, therefore, the allegations of paragraph 58 are denied.

59.     Mr. Waters denies the allegations of paragraph 59.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 59 and therefore deny the same.

60.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 60 and therefore deny the same.

61.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 61 and therefore deny the same.

62.     Mr. Prospero denies the allegations of paragraph 62.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 62 and therefore deny the same.

63.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 63.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 63 and therefore deny the same.

64.     As to the allegations of paragraph 64 Defendants admit only that portions of exhibits 26-40 appear to be forms issued by OCPF.  As to any remaining allegations pertaining to exhibits 26-40 Defendants are without sufficient information or knowledge to form a belief and therefore deny the same.

65.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 65.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 65 and therefore deny the same.

66.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 66.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 66 and therefore deny the same.

67.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 67.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 67 and therefore deny the same.

68.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 68.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 68 and therefore deny the same.

69.     Mr. Waters and Mr. Prospero deny the allegations of paragraph 69.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 69 and therefore deny the same.

## COUNT THREE

70.     Defendants reincorporate by reference the responses to paragraphs 1-69 as if fully set forth herein.

71.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 71 and therefore deny the same.

72.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 72 and therefore deny the same.

73.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 73 and therefore deny the same.

74.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 74 and therefore deny the same.

75.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 75 and therefore deny the same.

76.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 76 and therefore deny the same.

77.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 77 and therefore deny the same.

78.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 78 and therefore deny the same.

79.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 79 and therefore deny the same.

80.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 80 and therefore deny the same.

81.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 81 and therefore deny the same.

82.     C. Pascale denies the allegations of paragraph 82.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 82 and therefore deny the same.

83.     C. Pascale denies the allegations of paragraph 83.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 83 and therefore deny the same.

84.     C. Pascale denies the allegations of paragraph 84.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 84 and therefore deny the same.

85.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 85 and therefore deny the same.

86.     C. Pascale denies the allegations of paragraph 86.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 86 and therefore deny the same.

87.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 87 and therefore deny the same.

88.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 88 and therefore deny the same.

89.     As to the allegations of paragraph 89 Defendants admit only that portions of exhibits 41-69 appear to be forms issued by OCPF.  As to any remaining allegations pertaining to exhibits 41-69 Defendants are without sufficient information or knowledge to form a belief and therefore deny the same.

90.     C. Pascale denies the allegations of paragraph 90.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 90 and therefore deny the same.

91.     C. Pascale denies the allegations of paragraph 91.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 91 and therefore deny the same.

92.     C. Pascale denies the allegations of paragraph 92.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 92 and therefore deny the same.

93.     C. Pascale denies the allegations of paragraph 93.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 93 and therefore deny the same.

94.     C. Pascale denies the allegations of paragraph 94.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 94 and therefore deny the same.

### COUNT FOUR

95.     Defendants reincorporate by reference the responses to paragraphs 1-94 as if fully set forth herein.

96.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 96 and therefore deny the same.

97.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 97 and therefore deny the same.

98.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 98 and therefore deny the same.

99.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 99 and therefore deny the same.

100.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 100 and therefore deny the same.

101.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 101 and therefore deny the same.

102.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 102 and therefore deny the same.

103.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 103 and therefore deny the same.

104.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 104 and therefore deny the same.

105.    Ms. Moreno denies the allegations of paragraph 105.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 105 and therefore deny the same.

106.    Ms. Moreno denies the allegations of paragraph 106.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 106 and therefore deny the same.

107.    Ms. Moreno denies the allegations of paragraph 107.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 107 and therefore deny the same.

108.    As to the allegations of paragraph 108 Defendants admits only that portions of exhibits 70-103 appear to be forms issued by OCPF.  As to any remaining allegations pertaining to exhibits 70-103 Defendants are without sufficient information or knowledge to form a belief and therefore deny the same.

109.    Ms. Moreno denies the allegations of paragraph 109.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 109 and therefore deny the same.

110.    Ms. Moreno denies the allegations of paragraph 110.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 110 and therefore deny the same.

111.    Ms. Moreno denies the allegations of paragraph 111.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 111 and therefore deny the same.

112.    Ms. Moreno denies the allegations of paragraph 112.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 112 and therefore deny the same.

113.    Ms. Moreno denies the allegations of paragraph 113.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 113 and therefore deny the same.

## **COUNT FIVE**

114.     Defendants reincorporate by reference the responses to paragraphs 1-113 as if fully set forth herein.

115.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 115 and therefore deny the same.

116.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 116 and therefore deny the same.

117.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 117 and therefore deny the same.

118.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 118 and therefore deny the same.

119.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 119 and therefore deny the same.

120.     As to the allegations of paragraph 120 Defendants admit only that OCPF is located in Chaparral, New Mexico.  As to the remaining allegations of paragraph 120 Defendants are without sufficient knowledge or information to form a belief and therefore deny the same.

121.     As to the allegations of paragraph 121 Defendants admit only that there was a war of independence against England.  Any remaining allegations of paragraph 121 are denied.

122.     Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 122 and therefore deny the same.

123.     As to the allegations of paragraph 123 Defendants admit only that portions of exhibits 104-116 appear to be forms issued by OCPF.  As to any remaining allegations pertaining to exhibits 104-116 Defendants are without sufficient information or knowledge to form a belief and therefore deny the same.

124.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 124 and therefore deny the same.

125.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 125 and therefore deny the same.

126.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 126 and therefore deny the same.

127.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 127 and therefore deny the same.

128.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 128 and therefore deny the same.

## V EXHAUSTION OF LEGAL REMEDIES

129.    Defendants reincorporate by reference the responses to paragraphs 1-128 as if fully set forth herein.

130.    The allegations of paragraph 130 are denied.

131.    Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 131 and therefore deny the same.

132.    As to the allegations of paragraph 132 Defendants admit only that pages 55-56 of the Complaint appear to be handwritten notes.  Defendants are without sufficient knowledge or information to form a belief as to the contents of pages 55-56 of the Complaint and therefore deny any remaining allegations of paragraph 132.

## VI LEGAL CLAIMS

133.    Defendants reincorporate by reference the responses to paragraphs 1-132 as if fully set forth herein.

134.     As to the allegations of paragraph 134 Defendants admit only that Plaintiff makes allegations throughout his Complaint.  Any remaining allegations of paragraph 134 are denied.

135.     The allegations of paragraph 135 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 135 and therefore deny the same.

136.     The allegations of paragraph 136 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 136 and therefore deny the same.

137.     The allegations of paragraph 137 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 137 and therefore deny the same.

138.     The allegations of paragraph 138 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 138 and therefore deny the same.

139.     The allegations of paragraph 139 are denied.

140.     The allegations of paragraph 140 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 140 and therefore deny the same.

141.     The allegations of paragraph 141 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 141 and therefore deny the same.

142.     The allegations of paragraph 142 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 142 and therefore deny the same.

143.     The allegations of paragraph 143 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 143 and therefore deny the same.

144.     The allegations of paragraph 144 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 144 and therefore deny the same.

145.     The allegations of paragraph 145 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 145 and therefore deny the same.

146.     The allegations of paragraph 146 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 146 and therefore deny the same.

147.     The allegations of paragraph 147 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 147 and therefore deny the same.

148.     The allegations of paragraph 148 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 148 and therefore deny the same.

149.     The allegations of paragraph 149 of the Complaint contain legal conclusions.  To the extent a response is required from Defendants, they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 149 and therefore deny the same.

## VII PRAYER FOR RELIEF

150.     Defendants reincorporate by reference the responses to paragraphs 1-149 as if fully set forth herein.

151.     The allegations of paragraph 151 are denied.

152.     The allegations of paragraph 152 are denied.

153.     The allegations of paragraph 153 are denied.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     To the extent Defendants are found to be negligent or otherwise at fault, which is specifically denied, then such negligence or fault must be compared to that of other defendants, the Plaintiff and others not party to this suit and Plaintiff's damages against Defendants must be reduced according to their appropriate percentage of fault.

3.     Plaintiff's claims are barred by or to the extent Plaintiff failed to mitigate his damages.

4.     Defendants were engaged in duly authorized and lawful conduct designed to safeguard Plaintiff, other inmates and OCPF personnel at all times material.

5.     The Complaint should be barred in whole or in part by the Prison Litigation Reform Act (42 U.S.C. § 1997e(a)).

6.     To the extent Plaintiff has suffered damages, those damages were not proximately caused by Defendants.

7.     Plaintiff's claims are barred in part by the applicable statute of limitations.

8.    Discovery has not begun in this action, Defendants reserves their rights to seek to amend this Answer and to plead additional affirmative defenses if warranted.

WHEREFORE, having fully answered the Complaint, Defendants pray that the Complaint be dismissed with prejudice, for costs of suit and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

KELEHER & McLEOD, P.A.

By: */s/ Andrew L. Johnson*
Kurt Wihl
Christina Muscarella Gooch
Andrew L. Johnson
P. O. Box AA
Albuquerque, NM 87103
Telephone: (505) 346-4646
kw@keleher-law.com
tmg@keleher-law.com
alj@keleher-law.com
*Attorneys for Defendants Ricardo Martinez,*
*Lieutenant Boyd, Sergeant Smith, C. Pascale,*
*Mr. Prospero, Mr. Waters and Ms. Moreno*

I HEREBY CERTIFY that on March 6, 2017, I filed the foregoing pleading electronically through the CM/ECF System, which caused counsel of record to be served by electronic means.   I also certify that I mailed the foregoing to Plaintiff as follows:

Monte Whitehead
Prisoner No.: 67194
MTC/OCPF
10 McGregor Range Rd.
Chaparral, NM 88081

   */s/ Andrew L. Johnson*
        Andrew L. Johnson

4810-7471-3924, v. 1