IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONTE WHITEHEAD,

    Plaintiff,

vs.                              No. CV 17-00275 RJ/KK

GREGG MARCANTEL, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on the Motion to Reconsider Order to Dismiss ("Motion to Reconsider") filed by Plaintiff Monte Whitehead on October 19, 2017 (Doc. 93), the Responses in opposition to the Motion to Reconsider filed by the Defendants (Doc. 94, 95, 96, and Plaintiff Whitehead's Reply filed November 15, 2017 (Doc. 97). The Court will deny Plaintiff Whitehead's Motion to Reconsider.

Plaintiff Whitehead originally filed his Complaint in the State of New Mexico, County of Otero, Twelfth Judicial District Court. He titled his filing "Complaint (Tort)." The Complaint expressly states:

> "***This is a Tort suit authorized by the New Mexico Tort Claims Act**...*
> The Twelfth Judicial District has jurisdiction in tort actions
> pursuant to the New Mexico Tort Claims Act N.M.S.A. Chapter 41.
> Notice of claims have been previously filed with Risk Management
> pursuant to 41-4-16 N.M.S.A. (1978)."

(Doc. 1-1 at 1-2) (emphasis added). The Defendant Otero County removed the case to this Court contending that the Complaint alleges 42 U.S.C. § 1983 federal claims. (Doc. 1). This Court determined that Plaintiff Whitehead's Complaint fails to state any federal claim for relief and remanded the case to the Twelfth Judicial District Court for Whitehead to pursue his state tort

1

claims in the court he originally chose. Paradoxically, Whitehead now contends that the Court is in error and should reconsider its ruling. (Doc. 93, 97).

The Court's Memorandum Opinion and Order dismissing any federal claims and remanding the state-law claims was entered on September 27, 2017. (Doc. 91). Whitehead filed his Motion to Reconsider on October 19, 2017. (Doc. 93). The Defendants contend that the Federal Rules of Civil Procedure do not contemplate motions for reconsideration. (Doc. 94, 95, 96). Because Whitehead's Motion to Reconsider was filed within twenty-eight days after entry of the Memorandum Opinion and Order, the Court will treat the Motion to Reconsider as a timely motion to alter or amend judgment under Fed.R.Civ. P. 59(e). *See Price v. Philpot,* 420 F.3d 1158, 1167 & n. 9 (10th Cir.2005).

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff Whitehead does not argue that there has been an intervening change in the controlling law or cite any new evidence that was previously unavailable.

Nor does Plaintiff Whitehead's Motion to Reconsider demonstrate any clear error on the part of the Court or show that reconsideration is necessary to prevent manifest injustice. *See, e.g.,* Doc. 97 at 6. Instead, Whitehead asks the Court to revisit his prior filings. Plaintiff's Motion to Reconsider contains extensive quotes from cases setting out legal elements and directs

the Court to prior filings where he has made formulaic recitations of those elements. *See, e.g.,* Doc. 93 at 4, 5, 7-10, 11-13). He contends that the allegations and arguments made in his prior filings are sufficient to state federal claims for relief and the Defendants have failed to cite cases or make arguments that contradict Plaintiff's claims. (Doc. 97 at 10-11). His contentions do not afford a basis for reconsideration of the Court's ruling. *Van Skiver v. United States,* 952 F.2d at 1243.

The Court has carefully scrutinized Whitehead's Complaint as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and has determined that Whitehead does not state an actionable federal claim. The pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, but Whitehead's pleadings offer no more than labels, conclusions, and formulaic recitations of the elements of the cause of action. These are insufficient to meet Rule 8's requirements. *Twombly*, 550 U.S. at 555.

Plaintiff Whitehead chose to bring this case as a state tort proceeding in New Mexico state court. The Court has dismissed any federal claims and has remanded his state-law claims to the New Mexico state forum chosen by Whitehead to permit him to proceed forward on those claims. Whitehead has not presented any argument sufficient to warrant reconsideration of the Court's ruling. The Court will deny Whitehead's request for reconsideration.

**IT IS ORDERED** that Plaintiff Monte Whitehead's Motion to Reconsider Order to Dismiss (Doc. 93) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE