# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MONTE WHITEHEAD,

    Plaintiff,

v.                                                  Civ. No. 17-275 MV/KK

JAMES FRAWNER *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO STAY OR FOR AN EXTENSION OF TIME

THIS MATTER comes before the Court on Plaintiff's Motion to Stay Most Recent Order (Doc[.] 112), or in the Alternative, Motion for Extension of Time to File Amended Complaint (Doc. 113) ("Motion"), filed August 5, 2019.  Defendants Frawner, Martinez, Moreno, and Management & Training Corporation filed a response in opposition to the Motion on August 16, 2019, (Doc. 115), and Plaintiff filed a reply in support of the Motion on August 23, 2019.  (Doc. 116.)  The Court, having reviewed the pleadings, the record, and the relevant law, and being otherwise fully advised, FINDS that Plaintiff's Motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART as set forth below.

In his Motion, Plaintiff seeks a stay of the Court's June 21, 2019 Order (Doc. 112) executing the May 21, 2019 Mandate and April 2, 2019 Order and Judgment of the United States Court of Appeals for the Tenth Circuit (Doc. 110), until the United States Supreme Court decides Plaintiff's pending Petition for Writ of Certiorari.  (Doc. 113 at 2; *see* Doc. 113 at 5-55.)  However, as Defendants observe, this Court lacks authority to stay the execution of a Tenth Circuit ruling pending the Supreme Court's decision on a certiorari petition.  (Doc. 115 at 2-3.)  The pertinent statute, 28 U.S.C. § 2101, provides:

> [i]n any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court[.]

28 U.S.C. § 2101(f).

On its face, this statute authorizes the issuance of a stay only by a Supreme Court justice or by "a judge of the court rendering the judgment or decree" that is "subject to review by the Supreme Court on writ of certiorari." *Id.* In this case, the court rendering the judgment or decree subject to the Supreme Court's review, the execution and enforcement of which Plaintiff seeks to stay, is the Tenth Circuit. (Doc. 113 at 5-55.) Thus, Section 2101(f) authorizes only a Supreme Court justice or a Tenth Circuit judge to issue the stay Plaintiff seeks. 28 U.S.C. § 2101(f).

Virtually every court to have considered this question has reached the same conclusion. *See, e.g.*, *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982); *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL, 2019 WL 3532063, at *2 (D. Kan. Aug. 2, 2019); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 568 (E.D. Pa. 2011); *United States v. Lentz*, 352 F. Supp. 2d 718, 725-26 (E.D. Va. 2005); *Brinkman v. Dep't of Corr. of State of Kan.*, 857 F. Supp. 775, 777 (D. Kan. 1994); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990).[1] As the United States District Court for the District of Kansas explained,

> [Federal Rule of Civil Procedure] 62 allows a district court to stay execution of its judgment during an appeal, but once the court of appeals has issued its mandate, that appeal of the district court judgment has concluded. Any subsequent appeal to the Supreme Court is of the judgment of the *court of appeals*, not the judgment of the district court, and Rule 62 does not authorize a district court to stay the appellate court's judgment. Rather, that power has been given to the appellate courts and the Supreme Court in 28 U.S.C. § 2101(f).

---

[1] The only decision this Court has found to the contrary is *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009). However, the *Frommert* decision granted a stay pursuant to Federal Rule of Civil Procedure 62 rather than Section 2101(f), without addressing which of these authorities should apply. *See generally* 639 F. Supp. 2d at 305.

*Sprint Commc'ns Co., L.P.*, 2019 WL 3532063 at *2 (emphasis in original).

"Nor as a prudential matter would it be appropriate for a district court to exercise jurisdiction to issue such a stay." *Lentz*, 352 F. Supp. 2d at 726.

> It is simply not the proper role of a district court to decide whether a judgment of a higher court should be stayed pending possible review by the Supreme Court, and [Federal Rule of Civil Procedure] 62(d) and § 2101(f) do not provide the district court with such authority. Section 2101(f) and the relevant precedents make it clear that a judge of the Court of Appeals or a justice of [the] Supreme Court must make any stay determination based on all the appropriate factors, including the likelihood that certiorari will be granted and a reversal will occur.

*William A. Graham Co.*, 794 F. Supp. 2d at 569 (citations omitted); *see also, e.g., Lentz*, 352 F. Supp. 2d at 726 ("[I]t is simply not an appropriate function for this court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court; rather, that function is properly performed by the court of appeals or the Supreme Court.") (quotation marks omitted).

Plaintiff argues that Section 2101(f) does not apply to his request for a stay because he seeks to stay an order of this Court rather than of the Tenth Circuit, specifically, this Court's June 21, 2019 Order allowing him to file an amended complaint within forty-five (45) days. (Doc. 116 at 1-2; *see* Doc. 112 at 6.) However, this Court's June 21, 2019 Order simply executes the Tenth Circuit's May 21, 2019 Mandate and April 2, 2019 Order and Judgment.[2] (Doc. 112 at 1-5.) Thus, it is the "execution and enforcement" of the Tenth Circuit's "judgment or decree" Plaintiff seeks to stay. It is likewise the Tenth Circuit's ruling, and not this Court's Order, that Plaintiff has asked the Supreme Court to review. In these circumstances, the Court finds that Section 2101(f) is the authority it should apply to Plaintiff's request for a stay.

---

[2] In particular, this Court's June 21, 2019 Order allowing Plaintiff forty-five (45) days to file an amended complaint executes the portion of the Tenth Circuit's Order and Judgment reversing this Court's denial of Plaintiff's motions to amend the complaint and to supplement the pleadings and remanding the matter to this Court for further proceedings consistent with the Order and Judgment. (*See* Doc. 110-1 at 23.)

Plaintiff also argues that Supreme Court Rule 23 requires him to seek a stay "in the appropriate court or courts below" before seeking a stay in the Supreme Court. (Doc. 116 at 2.) "Except in the most extraordinary circumstances," this is true. U.S. Sup. Ct. R. 23(3). However, for the reasons just discussed, the only "appropriate court . . . below," *id.*, and the one in which Plaintiff should have sought a stay in the first instance, is the Tenth Circuit.

In the alternative to a stay, Plaintiff requests an extension of thirty (30) or forty-five (45) days in which to file an amended complaint in accordance with the Court's June 21, 2019 Order. (Doc. 113 at 2; Doc. 116 at 3.) Defendants oppose this request, arguing that Plaintiff "has had ample time to determine what limited claims are permitted to proceed," and that they "are entitled to know about, and defend against, the claims that Plaintiff intends to bring against them" without further delay. (Doc. 115 at 3.) Alternatively, Defendants ask the Court to allow Plaintiff only fifteen (15) days to amend his complaint. (*Id.* at 3-4.)

Plaintiff's pleadings evidence his reasonable, good faith belief (as a *pro se* litigant) that it was proper to apply to this Court for a stay of its June 21, 2019 Order pending the Supreme Court's decision on his certiorari petition. (*See generally* Docs. 113, 116.) The Court declines to penalize Plaintiff for pursuing such relief in lieu of filing an amended complaint within the time the Court originally allotted. Moreover, Defendants have failed to identify any undue prejudice they would suffer should the Court grant the extension of time Plaintiff has requested. The Court therefore finds that Plaintiff should be allowed forty-five (45) days after the issuance of this Order denying his request for a stay in which to file his amended complaint.

IT IS THEREFORE ORDERED Plaintiff's Motion to Stay Most Recent Order (Doc[.] 112), or in the Alternative, Motion for Extension of Time to File Amended Complaint (Doc. 113) is GRANTED IN PART and DENIED IN PART as follows:

1. Insofar as Plaintiff requests a stay of this Court's June 21, 2019 Order executing the Tenth Circuit's May 21, 2019 Mandate and April 2, 2019 Order and Judgment, his Motion is DENIED;

2. Insofar as Plaintiff requests an extension of time in which to file an amended complaint in accordance with the Tenth Circuit's April 2, 2019 Order and Judgment and the Court's June 21, 2019 Order, his Motion is GRANTED; and,

3. Plaintiff may file an amended complaint reasserting his First Amendment claims and asserting a First Amendment retaliatory transfer claim in accordance with the Tenth Circuit's April 2, 2019 Order and Judgment and the Court's June 21, 2019 Order within forty-five (45) days of entry of this Order.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE