# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MONTE WHITEHEAD,

    Plaintiff,

v.                                                                                                             Civ. No. 17-275 MV/KK

MANAGEMENT AND TRAINING
CORPORATION *et al.*,

    Defendants.

## ORDER STRIKING PORTIONS OF THE AMENDED COMPLAINT
## AND DENYING MOTIONS FOR SERVICE OF PROCESS

THIS MATTER comes before the Court *sua sponte* on a review of the record and on Plaintiff's Motion for Service of Summons and Complaint (Doc. 121), filed October 10, 2019, and Renewed Motion for Service of Summons and Complaint (Doc. 129), filed January 6, 2020 (collectively, "Motions for Service of Process"). The Court, having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, FINDS that: (1) certain portions of Plaintiff's Amended and Supplemental Complaint for Damages of Civil and Constitutional Rights and for Declaratory and Injunctive Relief (Doc. 119) ("Amended Complaint") should be STRICKEN; and, (2) Plaintiff's Motions for Service of Process are not well-taken and should be DENIED.

## *I. Background*

Plaintiff, a *pro se* prisoner, filed a Complaint for Damages for Violations of Civil and Constitutional Rights and for Declaratory and Injunctive Relief ("Complaint") in state court on November 14, 2016. (Doc. 1-1.) At the time, Plaintiff was housed at the Otero County Prison

Facility ("OCPF").[1]  On March 1, 2017, former Defendant Otero County Board of Commissioners removed the case to this Court.  (Doc. 1.)  In a Memorandum Opinion and Order dated September 27, 2017, United States District Judge Robert Junell dismissed Plaintiff's federal claims under Federal Rule of Civil Procedure 12(b)(6), denied Plaintiff's motions to amend his complaint and supplement the pleadings, declined to exercise supplemental jurisdiction over his state law claims, and remanded the state law claims to state court.  (Doc. 91.)  On February 12, 2018, Plaintiff appealed Judge Junell's decision but did not challenge the remand of his state law claims.  (Doc. 99; Doc. 110-1 at 2.)

In an Order and Judgment dated April 2, 2019, the Tenth Circuit affirmed in part, reversed in part, and remanded the case to this Court "for further proceedings consistent with [its] order and judgment."  (Doc. 110 at 23.)  In several respects, the Tenth Circuit affirmed this Court's dismissal of Plaintiff's federal claims.  (*See generally* Doc. 110-1.)  However, it vacated the Court's dismissal of Plaintiff's claims that "certain defendants violated his First Amendment rights by preventing him from receiving hardback books, books from non-approved vendors, information from the internet, and newspaper articles sent by mail," and remanded these claims to "to the district court for consideration in the first instance."  (*Id.* at 5, 8.)

The Tenth Circuit also held that this Court improperly denied Plaintiff's Motion for Leave to Amend the Complaint (Doc. 23) and Motion to Supplement the Pleadings (Doc. 60).  (Doc. 110-1 at 22-23.)  Specifically, the appellate court found that Plaintiff's retaliatory transfer claim "may be a proper claim for relief," noting, "[f]or example, [that] prison officials may violate a prisoner's First Amendment rights when they transfer the prisoner because the prisoner exercised those rights."  (*Id.* at 22 & n.15.)  Accordingly, the Tenth Circuit reversed and remanded the "denial of

---

[1] Plaintiff was transferred to the Guadalupe County Correctional Facility on April 17, 2017, (Doc. 119 at 44-45), and to the Penitentiary of New Mexico on January 7, 2020.  (Doc. 131 at 1.)

2

[Plaintiff's] motion to amend the complaint and his motion to supplement the pleadings to the district court for evaluation consistent with this order and judgment." (*Id.* at 22-23.) On remand, United States District Judge Martha Vázquez, to whom the case was reassigned, granted Plaintiff's motions to amend and supplement, permitting Plaintiff to "file an amended complaint reasserting his First Amendment claims and asserting a First Amendment retaliatory transfer claim." (Doc. 112 at 6.)

Plaintiff timely filed an Amended Complaint on October 10, 2019. (Doc. 119.) He then proceeded to file a flurry of motions, including the two Motions for Service of Process at issue here, as well as two Motions for Appointment of Counsel (Docs. 120, 130), a Motion for Partial Summary Judgment Against MTC Defendants (Doc. 124), a Motion to Include Exhibit 34 to the Amended Complaint (Doc. 125), a Motion to Remove Keefe Commissary Network (KCN) as a Defendant from the Present Lawsuit (Doc. 126), and a Motion to Proceed with Discovery and Forgo Local Rule 26.4. (Doc. 132.) Defendants Frawner, Martinez, Moreno, and Management and Training Corporation ("MTC") responded in opposition to Plaintiff's partial summary judgment motion on December 3, 2019, and Plaintiff filed a reply in support of it on December 19, 2019. (Docs. 127, 128.) On March 4, 2020, the Court entered an order directing Defendants Frawner, Martinez, Moreno, Barba, Azuna, and MTC to file a *Martinez* Report. (Doc. 134.)

## II. *Analysis*

As noted above, the Court granted Plaintiff leave to file an amended complaint to "reassert his First Amendment claims and add a First Amendment retaliatory transfer claim." (Doc. 112 at 5.) However, the Amended Complaint Plaintiff filed on October 10, 2019 significantly exceeds the scope of the amendment the Court gave him leave to file. First, in his Amended Complaint, Plaintiff not only "reassert[s]" his First Amendment free speech claims against Defendants

Frawner, Martinez, Moreno, MTC, Barba, and Azuna,[2] but also adds free speech claims against Dave Jablonski, Alisha Tafoya Lucero, Vincent Horton, P. Chavez, FNU Valencia, Global Expertise Outsourcing ("GEO"), FNU Bradly, and FNU Saiz.[3] (*Compare* Doc. 1-1 at 3-10 *with* Doc. 119 at 3-11.) Second, Plaintiff not only "assert[s] a First Amendment retaliatory transfer claim" against Defendant Martinez, (Doc. 112 at 6), but also adds claims based on other alleged retaliatory acts against Defendant Martinez, Mr. Horton, Warden Chavez, P. Chavez, and Ms. Valencia. (Doc. 119 at 43-63.) Third, Plaintiff re-asserts claims for declaratory and injunctive relief, even though he waived these claims by failing to appeal their dismissal. (*See* Doc. 110-1 at 16-17.) Finally, Plaintiff adds claims against Defendants Frawner, Martinez, Moreno, Barba, and Azuna, and Mr. Jablonski, Ms. Lucero, Mr. Horton, P. Chavez, and Ms. Valencia, based on the First Amendment's religion clauses and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). (Doc. 119 at 64-75.)

As the Tenth Circuit has observed,

> [d]ue to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and *compliance with lawful mandates*. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers.

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (emphasis added). Plaintiff is clearly aware that he must seek Defendants' written consent or the Court's leave to

---

[2] Although Plaintiff did not expressly identify Defendants Barba and Azuna as parties in his original Complaint, he did refer to Defendant Barba and "other unnamed defendants" and describe the alleged acts that formed the basis of his free speech claims against them. (*See* Doc. 1-1 at 42-49.) These same acts form the basis of the free speech claims he asserts against Defendants Barba and Azuna in the Amended Complaint. (Doc. 119 at 14-19, 30-33, 37-38.) Thus, in asserting free speech claims against these Defendants in his Amended Complaint, Plaintiff has simply "reassert[ed]" and clarified claims stated in his original Complaint in compliance with the Court's June 21, 2019 Order. (Doc. 112 at 5.)

[3] For the first time in his second Motion for Service of Process, Plaintiff contends that his Amended Complaint also adds claims against FNU Mares. (Doc. 129 at 2 ¶ 8.) However, Plaintiff does not mention Ms. Mares in the Amended Complaint except to say that she "may be" a Jill Doe, nor does he ever explain who she is or what she allegedly did except in the vaguest of terms. (*See* Doc. 119 at 11.) Thus, the Court finds that Plaintiff has failed to state any claims against Ms. Mares in his Amended Complaint.

amend or supplement his pleadings under Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2), (d); (*see* Docs. 23, 60.) By knowingly filing an Amended Complaint that significantly exceeds the scope of the Court's Order granting him leave to amend, Plaintiff has flouted Rule 15 and the Court's Order. It is therefore within the Court's inherent authority to impose compliance with its lawful mandate by striking the improper amendments. *Garrett*, 425 F.3d at 841.

As such, the Court will strike the following parties and claims from Plaintiff's Amended Complaint: (1) Mr. Jablonski, Ms. Lucero, Mr. Horton, Warden Chavez, GEO, P. Chavez, Ms. Valencia, Ms. Bradly, and Mr. Saiz, and all claims asserted against them; (2) retaliation claims based on acts other than the alleged retaliatory transfer of Plaintiff from OCPF to GCCF; (3) claims for declaratory and injunctive relief; and, (4) claims based on the First Amendment's religion clauses and the RLUIPA.

Plaintiff is admonished that, if he wishes to amend his complaint again to add some or all of the stricken claims or join some or all of the stricken parties, he must do so in compliance with Rule 15 and this Court's Orders; *i.e.*, he must obtain Defendants' written consent or this Court's leave to add the claims or parties in question. He must also comply with Local Civil Rule 15.1, which states that "[a] proposed amendment to a pleading must accompany the motion to amend." D.N.M. LR-Civ. 15.1. Compliance with these rules will ensure that Defendants receive notice and an opportunity to be heard on the proposed modifications and that the Court is fully informed of their nature and impact.[4]

In his Motions for Service of Process, Plaintiff asks the Court to order the United States Marshal to serve summonses and copies of the Amended Complaint on the persons and business entity he has tried to add as parties to this lawsuit. (Docs. 121, 129); *see* Fed. R. Civ. P. 4(c)(3).

---

[4] In the alternative, Plaintiff may elect to file a separate lawsuit to pursue, *e.g.*, claims based on incidents that took place at a facility other than the OCPF.

However, in light of the Court's decision to strike Mr. Jablonski, Ms. Lucero, Mr. Horton, Warden Chavez, GEO, P. Chavez, Ms. Valencia, Ms. Bradly, and Mr. Saiz and all claims against them, there is no reason to serve these non-parties. The Court will therefore deny Plaintiff's Motions for Service of Process as to Mr. Jablonski, Ms. Lucero, Mr. Horton, Warden Chavez, GEO, P. Chavez, Ms. Valencia, Ms. Bradly, and Mr. Saiz. (Docs. 121, 129.)

The Court will also deny Plaintiff's motions insofar as he asks the Court to order service of process on Defendants Barba and Azuna, who have not yet been served. Plaintiff's filings are deficient with respect to these Defendants because he has not provided the Court with their addresses, which are necessary to serve process. However, the Court will order service of process on these Defendants if Plaintiff files a revised motion for service which includes these Defendants' addresses.

IT IS THEREFORE ORDERED that:

1. The following portions of Plaintiff's Amended and Supplemental Complaint for Damages of Civil and Constitutional Rights and for Declaratory and Injunctive Relief (Doc. 119) are STRICKEN:

    a. Dave Jablonski, Alisha Tafoya Lucero, Vincent Horton, Warden FNU Chavez, Global Expertise Outsourcing, P. Chavez, FNU Valencia, FNU Bradly, and FNU Saiz and all claims against them as stated in Claims Two, Four, Five, Eight, Nine, and Ten;

    b. Retaliation claims based on acts other than the alleged retaliatory transfer of Plaintiff from OCPF to GCCF as stated in Claims Six, Seven, Eight, and Nine;

    c. Claims for declaratory and injunctive relief, as stated in Plaintiff's Prayer for Relief; and,

  d. Claims based on the First Amendment's religion clauses and the RLUIPA as stated in Claim Ten; and,

  2. Plaintiff's Motion for Service of Summons and Complaint (Doc. 121) and Renewed Motion for Service of Summons and Complaint (Doc. 129) are DENIED as follows:

  a. The motions are DENIED insofar as Plaintiff requests service of process on non-parties Mr. Jablonski, Ms. Lucero, Mr. Horton, Warden Chavez, Global Expertise Outsourcing, P. Chavez, Ms. Valencia, Ms. Bradly, and Mr. Saiz; and,

  b. The motions are DENIED in that the Court will not order service of process on Defendants Barba and Azuna at this time. However, the Court will order service of process on these Defendants if Plaintiff files a revised motion for service which includes their addresses.

  IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE