IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONTE WHITEHEAD,

    Plaintiff,

vs.                                                Civ. No. 17-275 MV/KK

MANAGEMENT AND TRAINING
CORPORATION *et al.*,

    Defendants.

## ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motions for Appointment of Counsel (Docs. 47, 120, 130), filed on May 30, 2017, October 10, 2019, and January 6, 2020. Having reviewed the parties' submissions, the record, and the relevant law, the Court finds that Plaintiff's motions are not well taken and should be DENIED.

### *I. Background*

Plaintiff, a *pro se* prisoner, filed a Complaint for Damages for Violations of Civil and Constitutional Rights and for Declaratory and Injunctive Relief ("Complaint") in state court on November 14, 2016. (Doc. 1-1.) At the time, Plaintiff was housed at the Otero County Prison Facility ("OCPF").[1] On March 1, 2017, former Defendant Otero County Board of Commissioners removed the case to this Court. (Doc. 1.) Plaintiff filed his first Motion for Appointment of Counsel shortly thereafter, on May 30, 2017. (Doc. 47.) The Court does not appear to have ruled on this motion. Rather, in a Memorandum Opinion and Order dated September 27, 2017, United States District Judge Robert Junell dismissed Plaintiff's federal claims under Federal Rule of Civil Procedure 12(b)(6), denied Plaintiff's motions to amend his

---

[1] Plaintiff was transferred to the Guadalupe County Correctional Facility on April 17, 2017, (Doc. 119 at 44-45), and to the Penitentiary of New Mexico on January 7, 2020. (Doc. 131 at 1.)

complaint and to supplement the pleadings, declined to exercise supplemental jurisdiction over his state law claims, and remanded the state law claims to state court. (Doc. 91.) On February 12, 2018, Plaintiff appealed Judge Junell's decision but did not challenge the remand of his state law claims. (Doc. 99; Doc. 110-1 at 2.)

In an Order and Judgment entered on April 2, 2019, the Tenth Circuit affirmed in part, reversed in part, and remanded the case to this Court "for further proceedings consistent with [its] order and judgment." (Doc. 110 at 23.) In several respects, the Tenth Circuit affirmed this Court's dismissal of Plaintiff's federal claims. (*See generally* Doc. 110-1.) However, the Tenth Circuit vacated this Court's dismissal of Plaintiff's claims that "certain defendants violated his First Amendment rights by preventing him from receiving hardback books, books from non-approved vendors, information from the internet, and newspaper articles sent by mail," and remanded these claims "to the district court for consideration in the first instance." (*Id.* at 5, 8.)

The Tenth Circuit also held that this Court improperly denied Plaintiff's Motion for Leave to Amend the Complaint (Doc. 23) and Motion to Supplement the Pleadings (Doc. 60). (Doc. 110-1 at 22-23.) Specifically, the court found that Plaintiff's retaliatory transfer claim "may be a proper claim for relief," noting, "[f]or example, [that] prison officials may violate a prisoner's First Amendment rights when they transfer the prisoner because the prisoner exercised those rights." (*Id.* at 22 & n.15.) Accordingly, the Tenth Circuit reversed and remanded the "denial of [Plaintiff's] motion to amend the complaint and his motion to supplement the pleadings to the district court for evaluation consistent with this order and judgment." (*Id.* at 22-23.) On remand, United States District Judge Martha Vázquez, to whom the case was reassigned, granted Plaintiff's motions to amend and supplement, permitting Plaintiff to "file an

amended complaint reasserting his First Amendment claims and asserting a First Amendment retaliatory transfer claim." (Doc. 112 at 6.)

Plaintiff timely filed an Amended and Supplemental Complaint for Damages of Civil and Constitutional Rights and for Declaratory and Injunctive Relief (Doc. 119) ("Amended Complaint") on October 10, 2019. Plaintiff then proceeded to file a flurry of motions, including the two most recent Motions for Appointment of Counsel at issue here, as well as two Motions for Service of Summons and Complaint (Docs. 121, 129), a Motion for Partial Summary Judgment Against MTC Defendants (Doc. 124), a Motion to Include Exhibit 34 to the Amended Complaint (Doc. 125), a Motion to Remove Keefe Commissary Network (KCN) as a Defendant from the Present Lawsuit (Doc. 126), and a Motion to Proceed with Discovery and Forgo Local Rule 26.4. (Doc. 132.)

## II. *Applicable Law*

Federal district courts lack the authority to coercively appoint counsel to represent indigent prisoners in cases brought under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 300-02 (1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases pursuant to 28 U.S.C. § 1915(e)(1). *Sweat v. Rickards*, 712 F. App'x 769, 778 (10th Cir. 2017). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). These factors include

> the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Id.*

The court's consideration of a request for counsel "contemplates an examination of the state of the record at the time the request is made." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). The plaintiff bears the burden of convincing "the court that there is sufficient merit to his claim to warrant" a judicial request for *pro bono* counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). A "colorable claim," however, is not itself sufficient to warrant such a request. *See Rucks*, 57 F.3d at 979 (explaining that "*if* the plaintiff has a colorable claim *then* the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts") (emphases added) (alteration omitted). The court must consider the totality of the circumstances and determine whether refusing a *pro se* litigant's request for counsel at that time would result in fundamental unfairness to the litigant, impinging on his due process rights. *See Hill*, 393 F.3d at 1115; *McCarthy*, 753 F.2d at 838, 839-40.

### III. *Analysis*

With respect to the first *Rucks* factor, Plaintiff asserts that his remaining claims have merit, as evidenced by the Tenth Circuit's Order and Judgment reversing the dismissal of his First Amendment free speech claims and the denial of his motions to amend and supplement the pleadings to assert retaliation claims based on his transfer from OCPF to Guadalupe County Correctional Facility ("GCCF"). (Doc. 120 at 1; Doc. 130 at 1.) Even assuming this to be true, however, the Court finds that the remaining *Rucks* factors weigh against a judicial request for *pro bono* counsel at this juncture.

The factual issues properly raised in Plaintiff's Amended Complaint are not especially complex, concerning several incidents in which Defendants allegedly denied Plaintiff access to hardback books, print-outs from the Internet, newspaper clippings, and/or materials from non-

4

approved vendors while he was incarcerated at OCPF, as well as Defendant Martinez's alleged retaliatory transfer of Plaintiff from OCPF to GCCF.[2] Moreover, the Court's review of the record indicates that Plaintiff has a firm and comprehensive grasp of the facts of the case and how they give rise to his claims. (*See generally* Doc. 119.) The legal issues Plaintiff raises are likewise straightforward; and, in his Amended Complaint and partial summary judgment motion, Plaintiff demonstrates his knowledge and understanding of the applicable substantive legal standards.

Plaintiff contends that the factual and legal issues his case presents "have too much significance to leave in the hands of a layman unskilled in the law," and that the results of his suit will affect the way sex offenders at OCPF are treated and the way "all [New Mexico] prisons" handle "literature." (Doc. 47 at 2; Doc. 130 at 2.) Although the Court recognizes that all constitutional questions are important, it cannot agree that Plaintiff's *pro se* claims regarding prison conditions under 42 U.S.C. § 1983 are more significant than any other such colorable claims. Plaintiff does not, at this juncture, appear to have raised any groundbreaking legal issues; and, any impact that his claims may have on non-parties will necessarily be indirect because he can only seek relief on his own behalf as this is not a class action.

The bulk of Plaintiff's arguments in his motions to appoint counsel focus on the remaining *Rucks* factor, *i.e.*, the litigant's ability to present his claims *pro se*. 57 F.3d at 979. According to Plaintiff, his incarceration hampers his ability to present his claims because: (a) he does "not have the freedom to openly work on this lawsuit" due to other inmates' curiosity, (Doc. 47 at 2); (b) it is difficult for him to gather evidence, particularly from inmates and staff at OCPF, where he is no longer housed, (*id.*; Doc. 130 at 1-2); (c) he lacks sufficient storage space

---

[2] In his Amended Complaint, Plaintiff also tried to add other claims and parties; however, the Court struck these portions of the Amended Complaint because Plaintiff failed to obtain Defendants' written consent or the Court's leave to add them. (*See* Doc. 135.)

5

for the evidence he gathers, (Doc. 130 at 2); (d) "interference from prison officials" limits his ability to litigate, (Doc. 120 at 2); (e) after being transferred, he requires time to adjust before he can resume work on the case, (*id.*); and, (f) he needs an attorney to present evidence, cross-examine witnesses, and avoid technical legal errors. (*Id.*; Doc. 130 at 2.)

Plaintiff describes circumstances common to *pro se* prisoner plaintiffs, circumstances which do not, without more, justify a judicial request for the voluntary assistance of counsel. Moreover, with his advanced degree, professional background, evident intellect, and family support, Plaintiff is much better equipped than most *pro se* prisoners to represent himself. Indeed, Plaintiff has many times proven his ability to pursue this lawsuit competently and effectively. His success at the Tenth Circuit is one example; his compilation of some 250 pages of exhibits attached to his Amended Complaint is another.[3] Granted, Plaintiff would likely have an easier time pursuing his lawsuit if an attorney represented him. However, this is true of virtually any *pro se* litigant. *See, e.g.*, *Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").

In light of the foregoing, and in the absence of Plaintiff's identification of special circumstances that warrant a judicial request for *pro bono* counsel at this juncture, the Court finds that Plaintiff has clearly and repeatedly demonstrated the ability to present his claims *pro se* and that the factual and legal issues presently before the Court are not so complex or momentous that it would be fundamentally unfair to require Plaintiff to proceed without counsel. *Cf. id.* (affirming district court's denial of the plaintiff's motion to appoint counsel where the plaintiff "failed to demonstrate the existence of any special circumstances such as those in

---

[3] Although Plaintiff did not need to attach these materials to his Amended Complaint, they do show that he has already been able to gather considerable evidence related to his claims.

*McCarthy v. Weinberg*, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication").

Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant a judicial request for *pro bono* counsel, Plaintiff's Motions for Appointment of Counsel will be denied. To the extent that Plaintiff requests assistance in finding an attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

IT IS THEREFORE ORDERED that Plaintiff's Motions for Appointment of Counsel (Docs. 47, 120, 130) are DENIED. The Clerk is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Plaintiff.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE