## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MONTE WHITEHEAD,

    Plaintiff,

vs.                                            Civ. No. 17-275 MV/KK

MANAGEMENT AND TRAINING
CORPORATION *et al.*,

    Defendants.

## ORDER DENYING MOTION TO PROCEED, GRANTING PROTECTIVE ORDER, AND STAYING DISCOVERY

THIS MATTER is before the Court on the following motions: (1) the Motion to Proceed with Discovery and Forgo Local Rule 26.4 (Doc. 132) ("Motion to Proceed") filed by Plaintiff Monte Whitehead on March 4, 2020; and, (2) the Motion for Protective Order (Doc. 140) filed by Defendants James Frawner, Ricardo Martinez, FNU Moreno, FNU Barba, FNU Azuna, and Management & Training Corporation (collectively, "OCPF Defendants") on March 17, 2020. Having reviewed the parties' submissions, the record, and the relevant law, the Court FINDS that: (1) Plaintiff's Motion to Proceed is not well-taken and should be DENIED WITHOUT PREJUDICE; (2) the OCPF Defendants' Motion for Protective Order is well-taken and should be GRANTED; and, (3) discovery in this matter should be STAYED pending the OCPF Defendants' issuance of a *Martinez* Report and the Court's ruling on any subsequent motion for leave to take specific, non-duplicative discovery.

### *I. Background*

Plaintiff, a *pro se* prisoner, filed a Complaint for Damages for Violations of Civil and Constitutional Rights and for Declaratory and Injunctive Relief ("Complaint") in state court on

November 14, 2016. (Doc. 1-1.) At the time, Plaintiff was housed at the Otero County Prison Facility ("OCPF").[1] On March 1, 2017, former Defendant Otero County Board of Commissioners removed the case to this Court. (Doc. 1.) In a Memorandum Opinion and Order dated September 27, 2017, United States District Judge Robert Junell dismissed Plaintiff's federal claims under Federal Rule of Civil Procedure 12(b)(6), denied Plaintiff's motions to amend his complaint and supplement the pleadings, declined to exercise supplemental jurisdiction over his state law claims, and remanded the state law claims to state court. (Doc. 91.) On February 12, 2018, Plaintiff appealed Judge Junell's decision but did not challenge the remand of his state law claims. (Doc. 99; Doc. 110-1 at 2.)

In an Order and Judgment entered on April 2, 2019, the Tenth Circuit affirmed in part, reversed in part, and remanded the case to this Court "for further proceedings consistent with [its] order and judgment." (Doc. 110-1 at 23.) In several respects, the Tenth Circuit affirmed this Court's dismissal of Plaintiff's federal claims. (*See generally* Doc. 110-1.) However, the appellate court vacated the dismissal of Plaintiff's claims that "certain defendants violated his First Amendment rights by preventing him from receiving hardback books, books from non-approved vendors, information from the internet, and newspaper articles sent by mail," and remanded these claims "to the district court for consideration in the first instance." (*Id.* at 5, 8.)

The Tenth Circuit also held that this Court improperly denied Plaintiff's Motion for Leave to Amend the Complaint (Doc. 23) and Motion to Supplement the Pleadings (Doc. 60). (Doc. 110-1 at 22-23.) Specifically, the court found that Plaintiff's retaliatory transfer claim "may be a proper claim for relief," noting, "[f]or example, [that] prison officials may violate a prisoner's First Amendment rights when they transfer the prisoner because the prisoner exercised

---

[1] Plaintiff was transferred to the Guadalupe County Correctional Facility on April 17, 2017, (Doc. 119 at 44-45), and to the Penitentiary of New Mexico on January 7, 2020. (Doc. 131 at 1.)

2

those rights." (*Id.* at 22 & n.15.) Accordingly, the Tenth Circuit reversed and remanded the "denial of [Plaintiff's] motion to amend the complaint and his motion to supplement the pleadings to the district court for evaluation consistent with this order and judgment." (*Id.* at 22-23.) On remand, United States District Judge Martha Vázquez, to whom the case was reassigned, granted Plaintiff's motions to amend and supplement, permitting Plaintiff to "file an amended complaint reasserting his First Amendment claims and asserting a First Amendment retaliatory transfer claim." (Doc. 112 at 6.)

On October 10, 2019, Plaintiff timely filed an Amended and Supplemental Complaint for Damages of Civil and Constitutional Rights and for Declaratory and Injunctive Relief ("Amended Complaint").[2] (Doc. 119.) Plaintiff filed the Motion to Proceed presently before the Court on March 4, 2020, the same day the Court entered an Order requiring the OCPF Defendants to file a *Martinez* Report. (Docs. 132, 134.) In his motion, Plaintiff seeks leave to proceed with discovery without first meeting and conferring with defense counsel pursuant to Local Rule 26.4. (Doc. 132.) Also on March 4, 2020, and somewhat inconsistently, Plaintiff filed a Certificate of Service indicating that he had served interrogatories, requests for production, and requests for admission on the OCPF Defendants.[3] (Doc. 133.) The OCPF Defendants filed a response in opposition to Plaintiff's Motion to Proceed, and the Motion for Protective Order presently before the Court, on March 17, 2020. (Docs. 139, 140.) In these pleadings, the OCPF Defendants ask the Court to stay discovery and enter a protective order

---

[2] The Court subsequently struck certain portions of the Amended Complaint as exceeding the scope of the amendment the Court had granted Plaintiff leave to file. (Doc. 135.)

[3] Plaintiff also certified that he had served discovery requests on FNU Mares; however, Ms. Mares is not presently a party to these proceedings, (Doc. 135 at 4 n.3), and thus is not required to respond to discovery requests served under Federal Rules of Civil Procedure 33, 34, and 36.

absolving them from responding or objecting to Plaintiff's discovery requests in light of their imminent *Martinez* Report.

## II. *Analysis*

In his Motion to Proceed, Plaintiff asks to be allowed to "forgo" Local Civil Rule 26.4, which requires parties to meet and confer before seeking discovery, "so that the parties may proceed with discovery." (Doc. 132 at 1.) In this regard, Federal Rule of Civil Procedure 26(f) provides that,

> *[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)* or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. P. 26(f)(1) (emphasis added). Likewise, Rule 26(d) provides that

> [a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)*, or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1) (emphasis added). Rule 26(a), in turn, provides that "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from the rule's initial disclosure requirements. Fed. R. Civ. P. 26(a)(1)(A), (a)(1)(B)(iv).

Local Civil Rule 26, as it must, incorporates the foregoing exemptions. Thus, Local Rule 26.3 provides that "[a]ll provisions of Fed. R. Civ. P. 26 are applicable to actions in this District," but exempts "all disclosure in cases excluded from case management procedures by [Local Civil Rule 16.3]." D.N.M. LR-Civ. 26.3(a)(1). Local Civil Rule 16.3, in turn, exempts "Prisoner Petitions," including *pro se* prisoners' civil rights actions, from "pre-trial case management procedures." D.N.M. LR-Civ. 16.3(d). And Local Rule 26.4, the rule from which Plaintiff asks to be exempted, provides that "[a] party may not seek discovery under these rules

or the Federal Rules of Civil Procedure before the parties have conferred *as required by Fed. R. Civ. P. 26(f)* except by agreement of all parties or by Court order." D.N.M. LR-Civ. 26.4(a) (emphasis added). As just noted, Rule 26(f) does not require the parties in *pro se* prisoner cases to confer; ergo, parties in such cases need not wait until after they confer to seek discovery. Plaintiff's request to "forgo" Local Rule 26.4 is therefore moot.

That does not mean, however, that discovery in this matter should proceed without further ado. "In civil rights cases under Section 1983, prisoners are not entitled to discovery as a matter of course—for good reason." *Hunnicutt v. Moore*, No. 2:18-CV-00667-JB-KRS, 2019 WL 4673151, at *2 (D.N.M. Sept. 25, 2019) (citing D.N.M. LR-Civ. 16.3(d); *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987)).

> Prisoner *pro se* civil rights complaints concerning their imprisonment cannot always receive the same presumption of merit that attends cases filed by attorneys subject to the court's disciplinary sanctions. Prisoners with time on their hands may seek a short sabbatical in the form of a trip to court, and they may even use complaints to harass guards and other prison officials.

*Gee*, 829 F.2d at 1007.

Consequently, in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the Tenth Circuit "approved what has come to be called a *Martinez* report." *Gee*, 829 F.2d at 1007.

> Under the *Martinez* procedure, prison officials typically compile a report that (1) thoroughly explains the allegations in a prisoner's complaint; (2) provides the results, if any, of their investigation into the allegations; (3) includes affidavits supporting any facts in the report; and (4) provides copies of all grievances and other documents related to the administrative record.

*Hunnicutt*, 2019 WL 4673151 at *2.

A *Martinez* Report helps the Court to ascertain whether there are factual and/or legal bases for the prisoner's claims. *Gee*, 829 F.2d at 1007. The Tenth Circuit "consider[s] this . . . practice to be not only proper but necessary for the orderly consideration of the issues in . . .

cases of this nature." *Martinez*, 570 F.2d at 319. The *Martinez* procedure "strikes a balance" between no discovery and full-blown discovery, and "allows the court to dig beneath the conclusory allegations to determine whether dismissal or judgment is warranted without trial." *Hunnicutt*, 2019 WL 4673151 at *2 (quotation marks and brackets omitted). A *Martinez* Report is often "more useful to the parties" than formal discovery requests would be. *Martinez*, 570 F.2d at 319. Thus, in other cases of this kind, judges have disallowed discovery where a *Martinez* Report has been or is due to be produced. *See, e.g., Rascón v. Douglas*, No. CV 15-00067 MV/GJF, 2016 WL 9460614, at *9 (D.N.M. Sept. 30, 2016), *aff'd*, 718 F. App'x 587 (10th Cir. 2017); *Gentry v. Steele*, No. CV 01-149 MCA/KBM, 2002 WL 35650020, at *5-*6 (D.N.M. Apr. 4, 2002).

Likewise, in the present matter, it would be duplicative and wasteful for the OCPF Defendants to respond to Plaintiff's pending discovery requests, when these requests cover much of the same ground as the *Martinez* Report the Court has ordered. Rather, the most efficient course is for the Court to grant the OCPF Defendants the protective order they have requested and stay discovery pending the issuance of their *Martinez* Report. This will allow Plaintiff to review the report, assess whether it provides him with the information he needs to prosecute his case, and, if not, identify the information he believes is missing. He can then, if necessary and appropriate, file a more particularized motion seeking leave to take the specific, non-duplicative discovery he believes he still needs. In this way, the OCPF Defendants will not be required to waste time and resources providing Plaintiff with the same information in two different formats, *i.e.*, their *Martinez* Report and their responses to Plaintiff's pending discovery requests.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Proceed with Discovery and Forgo Local Rule 26.4 (Doc. 132), is DENIED WITHOUT PREJUDICE to Plaintiff's ability, after he receives the OCPF Defendants' *Martinez* Report, to file a more particularized motion for leave to take specific discovery not included in the report;

2. The OCPF Defendants' Motion for Protective Order (Doc. 140) is GRANTED. The OCPF Defendants need not respond or object to any discovery requests Plaintiff has served on them to date or any discovery requests Plaintiff serves on them in the future without the Court's leave; and,

3. Discovery in this matter is STAYED pending the issuance of the OCPF Defendants' *Martinez* Report and the Court's ruling on any subsequent motion filed by either party seeking leave to take specific, non-duplicative discovery.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE